Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| LARAINE WOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDIO INTERACTIVE CORPORATION,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**Class Action**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Laraine Wood, by her undersigned counsel, for this class action complaint against Defendant Presidio Interactive Corporation ("Presidio") and its present, former, and future direct and indirect parents, subsidiaries, affiliates, agents, and related entities, alleges as follows:

## I.    INTRODUCTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Presidio generated business for its clients, including eHealth, Inc. dba eHealthInsurance using a prerecorded or artificial voice, tactics among those that inspired Congress to enact the TCPA and that most infuriate Americans to this day.

3. Automated telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, and Plaintiff brings this action on behalf of a proposed class of persons—defined more specifically herein—who received such calls promoting Presidio services.

4. Plaintiff and proposed class members did not provide prior express written consent to receive these calls.

## II.   PARTIES

5. Plaintiff is a natural person.

6. Plaintiff is a "person" within the meaning of 47 U.S.C. § 153(39).

7. Plaintiff resides in Arizona.

8. Presidio Interactive Corporation is a California corporation headquartered in this District.

## III.   JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Defendant Presidio because it resides in California. It also makes solicitations from California, as it did with the Plaintiff.

10. <u>Jurisdiction</u>: This Court has federal-question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendant resides in this District, and a substantial part of the events giving rise to Plaintiff's claims—namely, the sending of the challenged telemarketing—occurred in this District.

12. <u>Intradistrict Assignment</u>: Assignment to this Division is proper pursuant to Civil Local Rule 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff's claims—namely, the sending of the challenged telemarketing—occurred in this Division.

## IV. FACTS

### A. The Enactment of the TCPA and the FCC's Regulations Thereunder

13. Enacted in 1991, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1).

14. Calls made with a prerecorded or artificial voice are referred to as "robocalls" by the Federal Communications Commission ("FCC") and herein.

15. Encouraging people to hold robocallers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(b)(3).

16. In enacting the TCPA, Congress found: "Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10).

17. Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

18. The TCPA's sponsor described computerized calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1044 (9th Cir. 2018).

19. According to findings by the FCC, which Congress vested with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live-solicitation calls and can be costly and inconvenient.

20. The FCC has made clear that "prior express written consent" is required before making telemarketing robocalls to wireless numbers. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

*In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted).

**A.     Presidio's Telemarketing Robocall Conduct**

21. Presidio makes pre-recorded calls to numbers even though they are assigned to cellular telephone services.

22. Recipients of these calls, including Plaintiff and proposed class members, had not provided prior express written consent to receive them.

23. Presidio's calls at issue were not necessitated by an emergency.

24. Presidio's calls at issue were made to numbers within the United States.

25. Violating the TCPA is profitable for Presidio, as pre-recorded calls to not take nearly the time and money it would take to manually contact each of the call recipients.

26. For every nearly 14 million robocalls, there's only one TCPA lawsuit in federal court. *Compare Americans Hit by Just Under 46 Billion Robocalls in 2020, Says YouMail Robocall Index* (Jan. 26, 2021), https://www.prnewswire.com/news-releases/americans-hit-by-just-under-46-billion-robocalls-in-2020-says-youmail-robocall-index-301215139.html (45.9 billion robocalls), *with* WebRecon, *WebRecon Stats for Dec 2020 and Year in Review*, https://webrecon.com/webrecon-stats-for-dec-2020-and-year-in-review/ (last visited June 7, 2021) (3,302 TCPA complaints).

**B.      Defendant's Telemarketing Robocalls to Plaintiff**

27. Plaintiff is the owner and user of a phone number that begins "(480) 881".

28. The calls to her described herein were to that number.

29. Presidio called Plaintiff at least four times using a pre-recorded voice.

30. This included calls on January 4, 26, February 11 and April 2, 2021.

31. Presidio called Plaintiff while transmitting caller IDs starting with the area code (480).

32. The area code is local to the Plaintiff's residence even though the call was made from California.

33. In other words, Presidio used a "spoofed" area code to deceive call recipients into believing that someone local to them was calling.

34. The pre-recorded calls offered insurance services.

35. On the first three calls the Plaintiff informed the caller that she was not interested.

36. On the final call, to conclusively identify the caller, who was not identified in the pre-recorded message, the Plaintiff engaged the telemarketer.

37. On the call, the Plaintiff was transferred to eHealth, Inc. dba eHealthInsurance

38. eHealthInsurance informed the Plaintiff that the Defendant had made the call to her.

39. Plaintiff is not and has never been a customer of the Defendant.

40. Plaintiff has never provided prior express written consent to receive calls from Defendant or eHealth.

41. Plaintiff and other putative class members were injured and had their privacy violated by the unsolicited calls.

## V.      CLASS ACTION ALLEGATIONS

42. Pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of a class defined as follows: All persons in the United States to whom:

    a.      one or more calls were made;

    b.      to a cellular telephone number;

    c.      intended to promote Defendant's goods or services;

1              d.      using an artificial or prerecorded voice;

2              e.      between the date four years before the filing of the original complaint in this case and the first day of trial.

Notwithstanding anything herein to the contrary, excluded from the class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, Defendant's legal representatives, assignees, and successors, the judges to whom this case is assigned, and the employees and immediate family members of all of the foregoing.

43. Plaintiff is a member and proposed representative of the class.

44. The class is identifiable through phone records and phone number databases.

45. The class is so numerous that joinder of all its members is impracticable.

46. Sending a robocall costs less than one cent and many minimum orders for robocalls require payments of more than $100. As such, it is reasonable to assume that class members are in the thousands, or more.

47. Outcome-determinative questions of fact and law have the same answers for all class members. These questions and answers include but are not limited to the following:

   a.   Did the caller contact the class member at a cellular telephone number? (Yes.)

   b.   Did the caller contact the class member using an artificial or prerecorded voice? (Yes.)

   c.   Was the purpose of the calls to the class member telemarketing? (Yes.)

   d.   Were the calls to the class member necessitated by an emergency? (No.)

   e.   Had the class member provided prior express written consent before being called? (No.)

   f.   What is the minimum statutory damages per violation the class member is entitled to? ($500.)

   g.   Were Defendant's violations of the class members' rights under the TCPA knowing and willful? (Yes.)

      h.    How much in statutory damages per violation should the Court award class members for each violation?  ($1,500.)

      i.    Should Defendant be enjoined?  (Yes.)

48. The foregoing common issues predominate over any individual issues, making a class action the superior means of resolution.  Adjudication of these common issues in a single action has important advantages, including judicial economy, efficiency for class members, and classwide *res judicata* for Defendant. Classwide relief is essential to compel Defendant to comply with the TCPA.

49. Plaintiff's claims are typical of the claims of the class.  Plaintiff's claims and those of the class arise out of the same automated telemarketing by Defendant and seek the same legal and equitable remedies.

50. Plaintiff will fairly and adequately protect the interests of the class.

51. Plaintiff has retained competent and capable counsel experienced in TCPA class action litigation.

52. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the class and have the financial resources to do so.

53. The interests of Plaintiff and her counsel are aligned with those of the proposed class.

54. The interest of individual members of the class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action (up to $1,500 per TCPA violation) are dwarfed by the cost of prosecution.

55. No significant difficulty is anticipated in the management of this case as a class action.  Management of the claims at issue is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are automated (and thus uniform) and because the TCPA articulates bright-line standards for liability and damages.

## VI.   FIRST CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1))
On Behalf of Plaintiff and the Class**

56. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

57. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls to the cellular telephone numbers of Plaintiff and members of the class using an artificial or prerecorded voice, or by the fact that others did so on their behalf.

58. Plaintiff and class members are entitled to an award of up to $1,500 in damages for each knowing or willful violation and of $500 for each other violation.  47 U.S.C. § 227(b)(3)(B).

59. Plaintiff and class members are entitled to and seek an injunction prohibiting Defendant and all other persons who are in active concert or participation with it from violating the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls to any cellular telephone number using an artificial or prerecorded voice.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all class members, prays for judgment against Defendant as follows:

A. Certification of the proposed class;

B. Appointment of Plaintiff as representative of the class;

C. Appointment of the undersigned counsel as counsel for the class;

D. A declaration that actions complained of herein violate the TCPA;

E. An order enjoining Defendant and all other persons who are in active concert or participation with it from engaging in the conduct set forth herein;

F. An award to Plaintiff and the class of damages, as allowed by law;

G. Leave to amend this complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

### VIII. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

                                                                      Respectfully Submitted,

                                                                      **LARAINE WOOD**, individually and on behalf of those similarly situated individuals,

DATED this 9th day of June, 2021.

                                                                      By: /s/ *Rachel E. Kaufman*
                                                                      Rachel Kaufman
                                                                      Rachel@kaufmanpa.com
                                                                      KAUFMAN P.A.
                                                                      400 NW 26th Street
                                                                      Miami, FL 33127
                                                                      Telephone: (305) 469-5881